IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60123
Conference Calendar
_____


JAMES G. MARTIN,

                                        Petitioner-Appellant,

versus

EDWARD HARGETT, Superintendent,
Mississippi State Penitentiary and
MICHAEL C. MOORE, Attorney General,
State of Mississippi,

                                        Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:95CV12D-D
- - - - - - - - - -
August 23, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     James G. Martin, a Mississippi state prisoner, appeals the

dismissal of his 28 U.S.C. § 2254 petition, without prejudice,

for failure to exhaust state remedies.  A fundamental

prerequisite to federal habeas corpus relief is the exhaustion of

all claims in state court prior to requesting federal collateral

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

relief.  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  The district court may raise the exhaustion requirement <u>sua</u> <u>sponte</u>. <u>McGee v. Estelle</u>, 722 F.2d 1206, 1208 (5th Cir. 1984) (en banc). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner."  <u>Deters v. Collins</u>, 985 F.2d 789, 795 (5th Cir. 1993).  A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 519 (1982).

Martin does not dispute that motions for new trial are still pending in the Circuit Court of Alcorn, Mississippi, and that he did not file a state court appeal of his conviction or a petition for state post-conviction relief.  Because Martin's § 2254 claims have not been raised in any Mississippi state court, the district court did not err in dismissing Martin's petition for failure to exhaust state court remedies.  Martin's request for the appointment of counsel is DENIED.

AFFIRMED.